UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL JACKSON,

        Petitioner,         Case No.13-cv-12308

v.        HONORABLE STEPHEN J. MURPHY, III

BENNY NAPOLEON,

        Respondent.
                                    /

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Jamal Jackson has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is presently incarcerated at the Wayne County Jail, in Detroit, Michigan, and asserts that he is being held in violation of his constitutional rights. Jackson filed his petition while awaiting trial in Wayne County Circuit Court on multiple charges, including accessory after the fact to murder. He appears to challenge the legality of his custody on the following grounds: (i) no probable cause for arrest; (ii) speedy trial violation; (iii) unduly suggestive identification procedure; (iv) prosecutorial misconduct; (v) ineffective assistance of counsel; and (vi) police misconduct. Because Jackson has not exhausted his state court remedies with respect to the claims asserted in the petition, the Court will dismiss his petition without prejudice.

**I.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. The claims presented in the habeas petition are unexhausted and therefore do not present grounds upon which this Court may grant habeas relief at this time.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). Abstention from intrusion into state court proceedings is justified by the doctrine of comity which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. *O'Sullivan,* 526 U.S. at 842. The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.* State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Jackson's claims may be resolved in the pending state court criminal proceeding or

on appeal. Jackson, therefore, must await resolution of his claims on state court appeal before he can file a habeas corpus petition. *Accord Campbell v. Zych*, No. 08-14804, 2009 WL 377081, *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); *Jenkins v. Montgomery County Jail*, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Jackson has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

**II.**

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: June 20, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 20, 2013, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager